ADOLPH ADLER *et al.*, Appellants, *against* PETER KERNER, Respondent.

(Decided March 2nd, 1885).

The provisions of the New York City Consolidation Act of 1882, allowing in certain actions in the district courts of that city a verified complaint to be served, and providing that, unless a verified answer is filed, the justice must render judgment for plaintiff without putting him to any proof, do not deprive those courts of the power, upon default of a defendant to answer such a complaint, to adjourn the cause for the purpose of hearing a motion to vacate an order of arrest.

APPEAL from a judgment of the district court in the City of New York for the Seventh Judicial District.

Adler *v.* Kerner.

The facts are stated·in the opinion.

*A. H. Berrick,* for appellants.

*F. H. Rodenberg,* for respondent.

LARREMORE, J.—This action was upon contract, in which an order of arrest was issued upon extrinsic facts. The summons was returnable on April 5th, 1884, upon which day the defendant appeared and admitted the plaintiffs' claim. He interposed no sworn answer to the verified complaint, upon which the plaintiffs' attorney then moved for judgment in their favor, which motion was denied, and plaintiffs' attorney duly excepted.

The defendant's attorney then applied for an adjournment to enable him to vacate the order of arrest, which motion was granted under plaintiffs' objection and exception to April 8th, 1884, on which day the same was heard and the decision thereupon reserved.

On April 12th, 1884, the motion was granted vacating the order of arrest and a judgment entered in plaintiffs' favor for the amount of their claim.

The counsel for plaintiffs contends that, for want of a written answer to the verified complaint they were entitled to a judgment on the return day of the summons; and that the denial of said motion was error. He relies upon a decision of the General Term of this court (*Ahrens* v. *Burke,* 63 How. Pr. 50), as authority; and that case apparently sanctioned his theory, but no question of·arrest was involved therein, and I am not disposed to enlarge the authority therein prescribed.

It is provided by section 1346 of the Consolidation Act that the pleading must take place at the time the summons is returned served, or at such other time as the justice may direct; and that in an action upon contract, the plaintiff may serve upon the defendant a copy of a written verified complaint. Section 1383 of said act also provides that, when the defendant fails to appear and answer, judgment in such a case must be given for the plaintiff.

The defendant answered by admitting the claim, and the justice had the right under section 1362 of said act to adjourn the hearing for a period not exceeding eight days unless the defendant then under arrest objected thereto. He assented to the adjournment by his application for it. If the motion to vacate the arrest had been denied the judgment would have provided that the defendant was liable to arrest, and the hearing was properly adjourned for that purpose. I think the intention of the statute in allowing a judgment to be entered on a verified complaint for want of an answer was to dispense, in such a case, with any further proof of plaintiff's claim. There is nothing to show that in such event the court loses jurisdiction of an action in which both parties have appeared. Final judgment was rendered within eight days, and the refusal of the justice to amend the undertaking or allow a new one to be filed in substitution thereof, was a matter addressed to his discretion and cannot be reviewed on appeal.

The judgment appealed from should be affirmed, with costs.

ALLEN, J., concurred.

Judgment affirmed, with costs.